IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

KENNETH E. BALLARD                                                                  PLAINTIFF

v.                                          CIVIL NO. 15-3041

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                      DEFENDANT

## **MEMORANDUM OPINION**

Plaintiff, Kenneth E. Ballard, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.    Procedural Background:**

Plaintiff protectively filed his current application for DIB on June 15, 2011, alleging an inability to work since June 15, 2011,[1] due to epileptic seizures, attention deficit disorder, hearing loss, memory loss, left hand numbness, and sleep walking. (Doc. 11 pp. 135, 193). An administrative hearing was held on July 16, 2013, at which Plaintiff appeared with counsel and testified. (Doc. 11, pp. 32-78).

---

[1] Plaintiff, through his counsel, amended his onset date to April 1, 2012. (Doc. 11, pp. 40).

1

By written decision dated February 21, 2015, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Doc. 11, p. 16). Specifically, the ALJ found Plaintiff had the following severe impairments: a seizure disorder, mixed major and minor; a cognitive disorder; and depression. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Doc. 11, p. 16). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) except the claimant cannot drive or work at unprotected heights or around dangerous machinery. The claimant can perform work limited to simple tasks and simple instructions.

(Doc. 11, p. 18). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as an inspector, and an assembler. (Doc. 11, p. 18).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which after reviewing additional evidence submitted by Plaintiff, denied that request on May 22, 2015. (Doc. 11, p. 1). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 9, 10).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th

Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet

or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982), abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. § 404.1520.

**III.    Discussion:**

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In the present case, the ALJ determined that Plaintiff maintained the RFC to perform light work with limitations. The ALJ found that Plaintiff's impairments have a mental

4

component and factored this evidence into the finding that Plaintiff maintained the ability to perform unskilled work with seizure precautions. In making this determination, the ALJ discussed Plaintiff's intellectual test results, which indicated mild mental retardation, as well as Plaintiff's adaptive functioning which was much higher than expected given his intellectual testing results.  The ALJ appears to rely on the findings of Dr. Nancy A. Bunting who found that Plaintiff's actual abilities were not consistent with his testing level of intellectual functioning, when determining that Plaintiff would be able to perform unskilled.  What is troubling to the undersigned is that Dr. Bunting also reported that she consulted a colleague who along with her opined that Plaintiff either gave poor effort during the evaluation, which was not indicated in the two previous mental consultative evaluations that also indicated possible intellectual functioning deficits, or further neuropsychological testing was needed to determine Plaintiff's level of intellectual functioning.  (Doc. 11, p. 549).  It is also noteworthy that the non-examining consultative doctor also recommended that the administration contact Plaintiff's most recent employer to see how Plaintiff performed his duties. (Doc. 11, p.471). Plaintiff's employer was contacted and reported that Plaintiff needed constant supervision due to Plaintiff's inability to grasp his job duties; that Plaintiff was easily distracted and needed to be frequently redirected back on task; and that Plaintiff appeared to struggle to understand what to do.  (Doc. 11, p. 475).  A review of Dr. Bunting's evaluation indicates that no collateral information was reviewed in connection with her evaluation of Plaintiff so the Court is uncertain as to whether Dr. Bunting had Plaintiff's previous employer's report before her when assessing Plaintiff.  (Doc. 11, p. 543).  After reviewing the record, the Court finds remand necessary for the ALJ to more fully and fairly develop the record with respect to Plaintiff's mental RFC.

On remand, the ALJ is directed to address interrogatories to a mental health professional requesting that said professional review Plaintiff's medical records; complete a RFC assessment regarding Plaintiff's capabilities during the time period in question; and give the objective basis for the opinion so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis.  The ALJ may also order a consultative examination, in which, the consultative examiner should be asked to review the medical evidence of record, perform examinations and appropriate testing needed to properly diagnosis Plaintiff's condition(s), and complete a medical assessment of Plaintiff's abilities to perform work related activities.  See 20 C.F.R. § 416.917.

With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

**IV.     Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 24th day of August, 2016.


/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE